**FILED**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

**JAN 14 2015**

Clerk, U.S. District and
Bankruptcy Courts

---

Sharon K. Stewart
4700 13th Place, N.E
Washington, D.C. 20017
Phone: 202-635-2314

Complainant,

v.

~~Tom Wheeler, Chairman~~ SKS
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554

Defendant.

Case: 1:15-cv-00057
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 1/14/2015
Description: Pro Se Gen. Civil

Jury Demand

---

## COMPLAINT

**Grievance Against:**

**Thomas A. Reed**, Director, Office of Communications Business Opportunities (OCBO)/FCC Chairman Thomas Wheeler's Designee for Grievances, FCC; hereafter referred to as Mr. Reed.

**Carolyn A. Fleming-Williams**, Senior Deputy Director, Office of Communications Business Opportunities (OCBO), FCC; hereafter referred to as Ms. Fleming-Williams.

I, **Sharon K. Stewart, Complainant**, a 30+ years Federal employee 1) belong to a statutorily protected class; 2) was subjected to unwelcome conduct related to my protected class characteristics, 3) experienced harassment sufficiently severe and pervasive to alter the conditions of my employment, and 4) there is a basis (either direct or circumstantial) for imputing liability to the employer.

**RECEIVED**

**JAN 14 2015**

Clerk, U.S. District and
Bankruptcy Courts

1

In 2012, I engaged in meetings with the FCC authoritative offices of: Workplace Diversity, Security, Labor Relations and Inspector General to protect my employee rights. I reported Mr. Reed for operating a hostile work environment, inclusive of pornography viewing, hostility directed to me by lower-graded colleagues, discrimination based on my gender (female) for higher and lower level work delegations to me. Subsequently, Mr. Reed and Ms. Fleming Williams—reacted to my efforts to protect myself and took detrimental unlawful actions toward me, directly in response to my lawful action of acting to protect my rights as an employee and to protect myself against their discrimination.

1) *Hostile Work Environment—Impermissible Pornography Viewing on Federal Premises.*

Mr. Reed, my immediate supervisor, failed to act on and protect me from my male co-worker's [Mr. John Finnie]—systemic viewing of pornography on the Federal government issued computer, in the cubicle adjacent mine; despite my reporting the unlawful behavior to him multiple times. The pornography watching became so severe and persuasive that my colleague would invite other males to join him in his cubicle and I'd hear groans -mmm, mmm, ahh—in response to the pornography viewings. One of the male viewers would stand guard looking out for me; I feared for my safety. Mr. Reed never contacted the Office of Workplace Diversity to give account of my reporting, nor did he contact the Inspector General or Information Technology to investigative Mr. Finnie's federal work computer, nor remove me from the environment. Because my superior, Mr. Reed, never gave any credence to my complaints compounded with the fact that he admitted in his May 29, 2014 deposition[1] to having sex in his Federal office; I'm unsafe, violated, petrified and dominated against these males in this sexually fueled and misogynistic Federal environment.

As a sworn civil servant, director and superior positioned, Mr. Reed is responsible to uphold his position with the upmost integrity. Despite the FCC's, *No Fear Act* policy training, that every manager and employee is required to take, understand and adhere; Mr. Reed stated in deposition, that he does not know what disciplinary action, if any should be taken against Federal employees who view pornography or have sex in the Federal government office. The policy clearly defined harassment and hostile work environments in its various forms,

---

[1] On May 29, 2014, the transcribed EEOC depositions of Mr. Thomas Reed and Ms. Carolyn-Fleming-Williams were conducted.

2

and stated neither would be tolerated. It warned of the disciplinary actions that could result from violations of the policy and stated the framework for investigation and remedial actions.

The FCC's pornography problem has been in the media multiple times: *FCC Employees Watch Porn on the Job*: http://www.myfoxdc.com/Clip/10431934/fcc-employees-watch-porn-on-the-job; *Porn-surfing Feds Blame Boredom, Lack of Work for Misbehavior*: http://www.washingtontimes.com/news/2014/jul/31/feds-accept-bordom-lack-of-work-as-excuses-for-sur/?page=all; *Federal Workers Admit Watching Porn at Work Out of Boredom*: http://www.foxnews.com/us/2014/08/03/federal-workers-admit-watching-porn-at-work-out-boredom/

**2)** *Discrimination Based on Gender.*

**September 26, 2012**: Mr. Reed called me into an illegitimate meeting and called me belligerent, angry and hostile. His unwelcomed, derogatory and wounding assaults are unsubstantiated as having any relationship to the Agency's assignments, my role as GS-12, Women's Outreach Specialist or my performance. He falsely insisted I was his Assistant to the Director and responsible for doing his travel, scheduling and administrative assignments and that the clause in my position description *"other duties as assigned"* mandates me to perform the tasks. These duties are the official full-time responsibilities of male GS-9, Senior Staff Assistant, Mr. Finnie. Mr. Reed admitted in deposition that he *never* held Mr. Finnie responsible for performing *any* of his administrative assignments and that the *male* non-Staff Assistant employees of the OCBO are not delegated administrative responsibilities because it *is not their duty*. Mr. Reed further untruthfully stated I was: not communicating with him, unhappy with his leadership and unwilling to accept him as my supervisor; referring to the meetings I'd had with the FCC authoritative offices. Mr. Reed then threatened my job security by stating that should I not perform the administrative duties then I could find another job where I could thrive and prosper.

Mr. Reed, has me linked to his Federal work computer calendar where I'm constantly bombarded with offensive unwelcomed email conversations of his personal life: "As you probably know, I'm a single man these days, my friend! Amazing what that does re freeing up your schedule. Let me know when you're next

3

pushing thru DC and we can grab a beer. . . . Warning you though. I know you love your wife, but if you hang around me, that whiff of freedom can be heady stuff!!"   I also receive emails on his personal dating life and multitudes regarding his children's school schedules, performance struggles, medical appointments, sporting events etc. All interruptions to my work, unwelcomed and unsubstantiated as having any relationship to the Agency's assignments, my role as GS-12, Women's Outreach Specialist or my performance.

On **October 15, 2012**, I filed an informal EEO complaint against Mr. Thomas A. Reed for harassment; a hostile work environment, and discrimination based on my Gender/Sex (Female), and Reprisal (EEO Activity).

**July 29, 2013**, Mr. Reed, repeatedly emailed and accused me of possessing the master office keys to his office and the OCBO at my home and cc'ed my lower and higher graded colleagues the emails containing his false accusation. He was motivated by forehand knowledge that I was designated as a witness against him in his upcoming divorce proceeding.  He solely blamed me as none of the other employees were intended the subpoena.  Mr. Reed never communicated to these employees that he was going thru a divorce and I was the sole employee designated a witness to testify against him in his divorce proceeding.

3) *Reprisal for EEO Filing and Discrimination.*

Mr. Reed singled me out for reprisal by targeting me as the sole employee of my office that failed to receive any awards or merit increases. All of this occurred subsequent to my filing the EEO complaint and despite my exceptional work performance. For Fiscal Year 2012, the Office of Communications Business Opportunities received award payout distributions of:

    a.   $6,467   b.   150 hours of time-off Awards   c.   1 – Quality Step Increase (QSI)

I am the only OCBO employee to have filed an EEO complaint against Mr. Reed and Ms. Fleming-Williams. The following is Mr. Reed's, May 29, 2014, deposition testimony to giving employees—all except me—single, double and triple awards:

4

- Corrin Barksdale: Long-term (LT) cash award, $550.
- Karen Beverly: LT cash award, $500. Short-term (ST) cash award, $1,000. Time off award LT, 40 hours.
- Gilberto DeJesus: LT cash award, $500. ST cash award, $1,034. Time off award LT, 25 hours.
- Christian Fiascunari: LT cash award, $1,000. He received a quality step increase.
- John Finnie, $300 for ST cash award.
- Belford Lawson: LT cash award, $500. ST cash award, $1,000.
- Daniel Margolis: LT cash award, $500. ST cash award, $1,300. ST time off award, 40 hours.
- Maura McGowan: LT cash award, $717. ST cash award, $783 dollars.
- Calvin Osborne: LT cash award, $700. ST cash award, $800. ST time off award, 25 hours.
- Carolyn Fleming-Williams: LT cash award, $1,500.
- Jonathan Levy, who is in the Office of Strategic Policy, received a ST cash award from our office [OCBO] of $250 and a time off award short-term.
- Sharon Stewart: LT cash award, $0 dollars. ST cash award, $0 dollars.

Mr. Reed admitted in his deposition, that, prior the date of the EEO complaint, he'd never excluded me from the annual award pool.

4) *Further Reprisal for EEO Filing.*

On **October 18, 2012**, after the FCC had been notified about my having outside legal representation and having filed an EEO complaint against Mr. Reed, my second level supervisor, Ms. Fleming-Williams called me into a reprisal meeting and harassed me with fabrications that I'd not been communicating with her and that there were problems my work on the with the *Section 610 Report*[2]. Additionally, she misstated I'd developed a rapport with the Agency's Bureau and Office attorneys and points of contact and that they communicate with me and excluded her. She continued with I was the only one in the office that had been

---

[2] *Possible Revision or Elimination of Rules Under the Regulatory Flexibility Act of 1980*, 5 U.S.C. § 610 et. seq., the FCC, along with other federal agencies, is required to provide for the review of final rules within ten years of their publications. For the purposes of the FCC, this means that every year, the Agency is to publish a list of ten-year-old rules that have, or might have, a "significant economic impact . . . on a substantial number of small entities." 5 U.S.C. § 610(b).

promoted in years as well as had received more awards that anyone. She yelled that "she" coordinated the Section 610 Report and questioned me, "Why are you doing this?" regarding the EEO claim. She then threatened that she recommended that I consider my goals over the next 5-6 months between the hours of 9-5. Her deposition stated rationale is, "Well, I think by that time, everyone in the office knew that you had filed an EEOC claim. I can recall, . . . calling you in because I felt that I needed to counsel or advise you and I wanted to find out how I could help you. Well, I wanted to find out what your goals were [with respect to] the office, your position." For her reprisal. I then added Ms. Fleming-Williams to the EEO complaint.

5) *Higher Level Work, Reprisal, Inference with work and Discrimination Based on Gender.*

I was not compensated at the rate commensurate with my work on the Section 610 Report. Since 2004, I'd been performing the delegated duties of the Section 610 Report; previously performed by retired white male, Mr. Eric Malinen, Attorney Advisor, GS-14. Though promoted to GS-12, Women Outreach Specialist in 2010 that is still not adequate rate compensation. I lead the coordination of the Section 610 Report, and was the lowest paid in the within the Agency's Bureau and Offices. I requested of my managers to be compensated at the GS-13 level, a rate at least commensurate for my work and with my colleagues. On November 2, 2012, Ms. Fleming Williams reply emailed the Office of General Counsel's (OGC) inquiry on the Section 610 Report falsely claiming she'd performed my higher level work. I refuted her untruth; then on November 6, 2012, she and Mr. Reed met with Human Resources and immediately afterward, removed me from all communications with OGC and the Bureaus and Offices regarding the report.

Because my performing higher level work and not receiving adequate pay was a component of the EEO complaint, Ms. Fleming-Williams immediately removed my substantive duties in connection with the Section 610 and ultimately the entire duties. Consequently, the Section 610 Reports for 2011, 2012, 2013 and 2014 have not been done; these report cycles remain delinquent as of January 2015.

**BACKGROUND:** On October 15, 2012, Attorney, Amy L. Beckett of Passman & Kaplan, P.C. attorneys at law filed an informal EEO complaint on my behalf with the Federal Communications Commission. The complaint was not resolved at the informal stage then proceeded to a formal EEOC complaint: EEOC No.

6

570-2013-00881X; Agency No. FCC-EEO-12-08. On January 29, 2014, EEOC Administrative Judge William Rodriguez issued an Order of Instruction and Acknowledgment. Discovery began on January 29, 2014. May 21, 2014, I became *Pro Se*. On May 29, 2014, I took the transcribed depositions of Mr. Thomas Reed and Ms. Carolyn-Fleming-Williams. Discovery ended on May 29, 2014 (several extensions were requested; therefore lengthening Discovery). June 12, 2014, the Agency filed a *Motion for Summary Judgment*. July 10, 2014, I filed an *Opposition to the Agency's Motion for Summary Judgment* (extension to file was granted by Judge Rodriguez).

August 15, 2014, Judge Rodriguez issued an Order Scheduling the Pre-Hearing Conference (PHC). As requested by Judge Rodriguez, I notified my supervisors (via email) of the upcoming PHC and immediately afterward I was called into a threatening and intimidating meeting that they requested and held on September 26, 2014; both supervisors of the EEOC complaint. October 1, 2014, the PHC was conducted. Judge Rodriguez inquired of if the complaint could be settled would I be willing to do so; I responded "Yes". He inquired of my settlement terms and for which I responded immediate reassignment away from the complete supervisory command of Mr. Reed and Ms. Fleming-Williams; Reimbursement for fees: Legal: $15,491; Consultant: $1400; Punitive Damages: 60,000; Promotion to GS-13; Back-Pay difference between the GS-12 & GS-13 salaries; Leave restoration hours of: LWOP: 122; Annual: 260.75; Credit: 14; Compensatory: 72.75. In negotiating strongly for settlement drastically reducing my terms.

The agency refused "all" settlement and negotiation terms other than a "**possible**", **not guaranteed** reassignment to another office; ignoring that this complaint could've **easily** been resolved back in 2012, therefore avoiding me the substantial stress, medical traumas, continual retaliation, formal EEOC process, legal fees, and loss of leave. Factually, Ms. Beckett's, November 9, 2012 amendment of the EEO *informal* complaint requesting my immediate removal from the environment and reassignment away from the supervisory command of Mr. Reed supports this, which I explained to Judge Rodriguez. And, told him of the September 26, 2014 and ongoing retaliation I faced because of the PHC, then requested to modify my complaint. He replied it was too late in the stage and that I had to file another complaint. Judge Rodriguez **strongly** urged settlement, but because the Agency still refused, he stated that he would then read the case and make his decision; and, because he was backlogged with cases and he couldn't give a time-period for ruling. I

7

continued to receive retaliation so under duress on October 15, 2014, I filed a *Withdrawal of Request for Hearing*. afterward I met in person with the EEOC Headquarters Judge Jacqueline Ivey regarding my withdrawal because of the duress. After the meeting and because I had not received an acknowledge motion from Judge Rodriguez, I filed a *Motion to Withdraw Previous Dismissal Filing and Reopen Request for Hearing* explaining "I was coerced to withdraw because of the threatening and intimidating meeting of September 26, 2014 which caused me tremendous duress." On October 24, 2014, Judge Rodriguez responded to my October 15, 2014 and issued an Order of Dismissal. On October 28, 2014, Judge Rodriguez responded to my October 23, 2014 motion—*Withdrawal of Previous Dismissal Filing and Reopen Request for Hearing*—with a denial. At present, the Agency still has not contacted me nor attempted settlement.

**What would I like the United States District Court for the District of Columbia to do to correct the situation?** Grant me a TRIAL BY JURY.

**Settlement Request**: Immediate Reassignment away from the complete supervisory command of Mr. Reed and Ms. Fleming-Williams and:

| | | |
|---|---|---|
| Legal Fees: $15,491 | Promotion to GS-13 | - LWOP: 122
- Annual: 260.75
- Sick: 72
- Credit: 14
- Compensatory: 72.75 |
| Consultant Fees: $1400 | Back-Pay: Difference between the GS-12 & GS-13 salaries | |
| Punitive Damages: $75,000 | | |
| Medical: $6234.43 | Leave Restoration Hours: | |

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 14, 2015.

_____                    _____
Sharon K. Stewart                                                              Date
4700 13th Place, N.E.
Washington, D.C. 20017
Phone: 202-635-2314

8

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI DISTRICT OFFICE

------------------------------------- x
| | |
|---|---|
| Sharon K. Stewart, ) | EEOC Case No. |
| ) | 570-2013-00881X |
| Complainant, ) | |
| v. ) | USPS Case No. |
| ) | FCC-EEO-12-08 |
| Tom Wheeler, Chairman, ) | |
| Federal Communications Commission, ) | William Rodriguez |
| ) | Administrative Judge |
| Agency. ) | |
------------------------------------- x   October 24, 2014

### Order of Dismissal

More than one hundred eighty days have passed since the filing of the complaint. The Complainant has given notice that she intends to file a complaint in Federal District Court involving the same issues/claims in the above captioned complaint. Therefore, in accordance with the regulations, the Complainant's request for a hearing is DISMISSED. 29 C.F.R. §1614.107(a)(3).

It is SO ORDERED.

_____
William Rodriguez
Administrative Judge
U.S. Equal Employment Opportunity Commission
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
305.808.1776
wrodriguez-efilebox@eeoc.gov

Certificate of Service

The Commission will presume that the Dismissal Order and enclosed electronic record of proceedings regarding the foregoing complaint was received within five (5) calendar days after being mailed. Unless otherwise noted below, I certify that on October 24, 2014, the foregoing was sent *via* first class mail to:

Thomas W. Wyatt, Director
Office of Workplace Diversity
Federal Communications Commission
445 12th Street, S.W.
Washington, DC 20554

In addition, on October 24, 2014, an electronic of the foregoing Dismissal Order only, without the complete electronic record of proceedings, the contents of which the parties already have in their possession, was sent by electronic mail only to:

Ms. Sharon K. Stewart
*via* electronic mail only at: KeiKei2020@comcast.net

Lily Farel, Esq.
*via* electronic mail only at: lily.farel@fcc.gov

_____
William Rodriguez
Administrative Judge