# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHARON K. STEWART,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL COMMUNICATIONS<br>COMMISSION,<br><br>        Defendant. | Civil Action No. 15-57 (CKK) |

## MEMORANDUM OPINION
### (June 1, 2016)

Presently before the Court is Plaintiff's [24] Motion for Relief from Interlocutory Order. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS Plaintiff's Motion for Relief from Interlocutory Order. The Court shall modify its [19] Order issued on April 8, 2016 to deny Defendant's motion to dismiss Count Five of the Complaint with respect to Plaintiff's claim that she suffered retaliation based on her removal of her duties in preparing the Section 610 Reports.

## I. BACKGROUND

On January 14, 2015, Plaintiff, proceeding *pro se*, filed her Complaint, alleging five claims against her employer, Defendant, the Federal Communications Commission (the "FCC"): (1) "Hostile Work Environment" (Claim 1); (2) "Discrimination Based on Gender" (Claim 2); (3) "Reprisal for EEO Filing and Discrimination" (Claim 3); "Further Reprisal for EEO Filing"

---

[1] The Court's consideration has focused on the following documents: Plaintiff's Motion for Relief from Interlocutory Order, ECF No. [24]; Defendant's Memorandum in Opposition, ECF No. [25]; and Plaintiff's Reply, ECF No. [27].

(Claim 4)"; and "Higher Level Work, Reprisal, Inference with work and Discrimination Based on Gender" (Claim 5).[2]

On April 8, 2016, the Court granted in part and denied in part Defendant's [7] Motion to Dismiss in Part and for Summary Judgment in Part.  *See* Mem. Opinion & Order, ECF Nos. [19], [20].  Specifically, the Court granted Defendant's motion to dismiss with respect to Count Two (gender discrimination), Count Four (retaliation) and Count Five (gender discrimination and retaliation), and the Court denied Defendant's motion to dismiss with respect to Count One (hostile work environment) and denied Defendant's motion for summary judgment on Count Three (retaliation).

On May 5, 2016, attorney Noah B. Peters of the law firm Bailey & Ehrenberg entered an appearance on behalf of Plaintiff, who, up until that time, had been proceeding *pro se*.  *See* Notice of Appearance, ECF No. [23].  On May 17, 2016, Plaintiff's counsel filed the instant [24] Motion to Modify Interlocutory Order, requesting that the Court amend its Order issued on April 8, 2016 so as to deny Defendant's motion to dismiss Count Five of the Complaint with respect to Plaintiff's claim that she suffered retaliation based on removal of her duties in preparing the FCC's "Section 610 Reports."[3]  *See* Pl.'s Mot. for Relief, ECF No. [24].  Plaintiff contends that the Court's Memorandum Opinion applied an incorrect legal standard, and that relief is warranted pursuant to Federal Rule of Civil Procedure 54(b).  *See id.* at 1-3.

---

[2]  For a complete recitation of the underlying facts in this case see the Court's Memorandum Opinion issued on April 8, 2016.  *See* Mem. Opinion, ECF No. [20].

[3]  In her Complaint, Plaintiff alleged that "[s]ince 2004," she had performed "the delegated duties of the Section 610 Report," which had previously been performed by a now-retired GS-14 attorney—two grade levels above Plaintiff.  *See* Mem. Opinion, ECF No. [20], at 4.  Plaintiff asserts that the FCC is required to provide such "Section 610 Reports" as part of a rule review process governed by the Regulatory Flexibility Act of 1980, 5 U.S.C. § 610 *et. seq.  See id.* at 4 n. 2.

Defendant opposes Plaintiff's motion, contending that the Court correctly dismissed Plaintiff's claim that she suffered retaliation based on removal of her duties in preparing the Section 610 Reports.  *See* Def.'s Opp'n, ECF No. [25].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  A motion to reconsider brought under Rule 54(b) may be granted "as justice requires."  *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C.2004)).

Under the "as justice requires standard," it is appropriate to grant a Rule 54(b) motion "when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning but of apprehension."  *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 22 (D.D.C. 2007) (quoting *Singh*, 383 F. Supp. 2d at 101).  "Errors of apprehension may include the Court's failure to consider controlling decisions or data that might reasonably be expected to alter the conclusion reached by the Court."  *Id.* (internal formatting omitted).  The Court has broad discretion to consider whether relief is "necessary under the relevant circumstances."  *Lewis v. District of Columbia*, 736 F.Supp.2d 98, 102 (D.D.C. 2010) (internal quotation marks omitted).

The party moving the Court to reconsider its decision carries the burden of proving that some harm would accompany a denial of the motion to reconsider:  "In order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if reconsideration is refused.  That is, the movant must demonstrate that some harm, legal or at

least tangible, would flow from a denial of reconsideration." *Cobell*, 355 F. Supp. 2d at 540. Finally, "even if the appropriate legal standard does not indicate that reconsideration is warranted, the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." *Id.*

### III. DISCUSSION

Plaintiff contends that the Court erred when it dismissed Plaintiff's claim for retaliation for removing her duties in preparing the Section 610 Reports (part of Count Five of her Complaint). Pl.'s Mot. for Relief, ECF No. [24], at 1. Plaintiff asserts that in the Court's Memorandum Opinion issued on April 8, 2016, the Court "analyzed Ms. Stewart's retaliation claim using the 'adverse action' standard for discrimination claims, requiring that there be 'a tangible effect on the terms, conditions, or privileges of employment[,]' [b]ut under *Burlington N. & Santa Fe Ry. Co. v. White*, a lower standard applies to retaliation claims: whether the action 'might have dissuaded a reasonable worker from making or supporting a charge of discrimination.' " Pl.'s Mot. for Relief, ECF No. [24], at 1 (quoting *White*, 548 U.S. 53, 68 (2006)).

Defendant disagrees that a "lower standard" applies to employment-related actions occurring in the retaliation context, and contends that the Court correctly dismissed Plaintiff's retaliation claim because Plaintiff did not allege in her Complaint that she experienced any materially adverse consequences affecting the terms, conditions, or privileges of her employment. *See* Def.'s Opp'n, ECF No. [25], at 3-4.

The Court begins by clarifying the "adverse action" standard applicable to Plaintiff's retaliation claim under Title VII. In order to succeed on her claim, Plaintiff must demonstrate that she was subjected to an adverse employment action that is "material," *i.e.*, "*harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of*

*discrimination.*"  *Gaujacq v. EDF, Inc.*, 601 F.3d 565, 577 (D.C. Cir. 2010) (quoting *White*, 548

U.S. at 57) (emphasis added).  In determining whether a particular action would dissuade a

reasonable worker from pursuing a charge of discrimination, courts look to the "particular

circumstances" of the action, so as to determine whether the adverse action resulted in an

*objective harm* on the worker.  *See Burlington*, 548 U.S. at 68-69; *see also id.* at 68 ("We refer to

reactions of a reasonable employee because we believe that the provision's standard for judging

harm must be objective.").  Lateral transfers and reassignments of duties may qualify as adverse

employment actions "if they result in 'materially adverse consequences affecting the terms,

conditions, or privileges' of the plaintiff's employment.' "  *Pardo-Kronemann v. Donovan*, 601

F.3d 599, 607 (D.C. Cir. 2010) (quoting *Stewart v. Ashcroft*, 352 F.3d 422, 426 (D.C. Cir. 2003)).

The United States Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit"), has

held that "whether a particular reassignment of duties constitutes an adverse action is generally a

jury question." *Pardo-Kronemann*, 601 F.3d at 607 (quoting *Czekalski v. Peters*, 475 F.3d 360,

365 (D.C. Cir. 2007)).

      Plaintiff asserts that the "adverse action" standard for retaliation claims is a "lower

standard" than the "adverse action" standard for discrimination claims.  However, Plaintiff cites

no authority for that assertion, and appears to mischaracterize controlling case law.  As observed

by the D.C. Circuit, the Supreme Court has "distinguished Title VII's anti-retaliation provision

from its substantive antidiscrimination provision" by holding that "the proscription against

retaliation *sweeps more broadly* than the proscription against gender discrimination."  *Gaujacq*,

601 F.3d at 577.  Moreover, as the D.C. Circuit observed in *Baloch v. Kempthorne*, 550 F.3d

1191, 1198 (D.C. Cir. 2008):

    "Adverse actions" in the retaliation context encompass a broader sweep of actions
    than those in a pure discrimination claim.  Due to differences in the language and

> purposes behind Title VII's retaliation and discrimination provisions, the Supreme
> Court clarified in *Burlington N. & Santa Fe Ry. Co. v. White*, that the
> requirements are distinct:  Retaliation claims are "not limited to discriminatory
> actions that affect the terms and conditions of employment" and may extend to
> harms that are not workplace-related or employment-related so long as "a
> reasonable employee would have found the challenged action materially adverse."

*Baloch,* 550 F.3d at 1198 (internal citations omitted).  Accordingly, it would be inaccurate to

describe the "adverse action" standard for retaliation claims as a "lower standard" than the

"adverse action" standard for discrimination claims."  Rather, the requirements are "distinct."  *Id.*

In any event, the Court shall evaluate Plaintiff's claim in accordance with the "adverse action"

standard set forth by controlling authorities, which the Court described above.

In this case, Plaintiff's Complaint—which Plaintiff drafted *pro se*—contains only two

sentences regarding the removal of her duties in connection with the Section 610 Reports.

Specifically, the Complaint alleges:

> Because my performing higher level work and not receiving adequate pay was a
> component of the EEO complaint, Mr. Fleming-Williams [a manager from Human
> Resources] immediately removed my substantive duties in connection with the
> Section 610 and ultimately the entire duties.  Consequently, Section 610 Reports for
> 2011, 2012, 2013, and 2014 have not been done:  these report cycles remain
> delinquent as of January 2015.

Compl., ECF No. [1], at 6 (emphasis in original).  In moving to dismiss, Defendant argued that

Plaintiff's Complaint failed to state a claim for retaliation based on her work on the Section 610

Reports, Def.'s Mot. to Dismiss, ECF No. [7], at 19, and that the "sparse and confusing allegations

concerning the Section 610 report fall well below the standard necessary to plead a retaliation claim,"

Def.'s Reply in Support of Mot. to Dismiss, ECF No. [16], at 12.  Plaintiff's response brief, which

she drafted *pro se*, did not address any of Defendant's legal arguments as to the retaliation claim, and

instead attempted to allege additional facts regarding the circumstances concerning the preparing of

the Section 610 Reports.  *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. [11], at 14-15.

Importantly, Plaintiff also did not allege in her Complaint, or argue in briefing, that the removal of

her duties in connection with the Section 610 Reports caused her any harm.  Accordingly, the Court

ruled that Plaintiff's retaliation claim could not survive Defendant's motion to dismiss, holding

that "Plaintiff does not allege that she has experienced any materially adverse consequences that

affect the terms, conditions, or privileges of her employment or future employment

opportunities."  Mem. Opinion (Apr. 8, 2016), ECF No. [20], at 25-26 (citing *Burlington Indus.,*

*Inc. v. Ellerth*, 524 U.S. 742, 753; *Czekalski v. LaHood*, 589 F.3d 449, 454 (D.C. Cir. 2009).

       Plaintiff's instant motion, which was prepared by counsel, presents a new, refined

argument—that Defendant "deprived Ms. Stewart of the opportunity to achieve a promotion in the

future by taking away her significant, higher-level responsibility of preparing the Section 610

Reports from her, in retaliation for her protected EEO activity."  Pl.'s Mot. for Relief, ECF No.

[24], at 5.[4]  Plaintiff now contends that her claim should not be dismissed because a "reasonable

jury might conclude that a retaliatory removal of the Section 610 duties would dissuade a

reasonable employee from engaging in protected activity, in light of how essential these duties

were to Ms. Stewart achieving a promotion in the future."  *Id.* at 6.

       Defendant contends Plaintiff's retaliation claim fails, even under Plaintiff's newly asserted

theory, because "the Complaint contains no allegations whatsoever to infer that the reassigned duties

were 'more arduous' . . . or that there had been 'a significant change' in work assignments[.]"  Def.'s

Opp'n, ECF No. [25], at 4 (internal citations omitted).

---

[4]  In presenting this new argument, Plaintiff's counsel cites arguments presented by Plaintiff *pro
se* in her response to Defendant's motion to dismiss.  Those arguments concerned a different
claim—Plaintiff's discrimination claim—in which Plaintiff alleged that she had not been
adequately compensated during her time working on the Section 610 Reports.  *See* Pl.'s Mot. for
Relief, ECF No. [24], at 5; Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. [11], at 13-13.  When
briefing the motion to dismiss, Plaintiff *pro se* did not put forward the argument that the removal
of her duties concerning the Section 610 Reports would deprive her of the opportunity to achieve
a promotion in the future.

Upon review of the record presently before the Court, the Court finds that it is plausible that a reasonable person in Plaintiff's position threatened with the removal of the Section 610 duties "might well be dissuaded from engaging in protected activity." *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 163 (D.C. Cir. 2015) (*citing White*, 548 U.S. at 68-70).   Plaintiff, who was proceeding *pro se* at the beginning of this case, did not argue in her Response brief to Defendant's Motion to Dismiss that the removal of her duties in connection with the Section 610 Reports caused her any harm. However, it is clear from the current record that Plaintiff is asserting that the removal of her Section 610 duties diminished her opportunities to achieve future promotions.  *See* Pl.'s Compl., ECF No. [1], at 6.  The Court finds Plaintiff's position to have sufficient factual support in the Complaint to survive a motion to dismiss.  *See Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68-70 (D.C. Cir. 2015).  For example, Plaintiff's Complaint contains allegations that she performed the Section 610 duties since 2004, and that these duties were "high-level duties" previously performed by a GS-14 attorney who was two grade levels above Plaintiff.  Pl.'s Compl., ECF No. [1], at 6.  Additionally, the Court is mindful that Plaintiff's Complaint, which was filed *pro se*, is to be liberally construed, and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 (D.C. Cir. 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  In light of the foregoing, the Court finds it plausible that a reasonable person in Plaintiff's position threatened with the removal of the Section 610 duties "might well be dissuaded from engaging in protected activity."  *Gordon*, 778 F.3d at 163 (*citing White*, 548 U.S. at 68-70).

The Court's finding is also supported by the cases cited by Defendant in briefing the instant motion.  In each of those cases, the plaintiff was permitted to develop her claims through discovery, and there was a clear factual record on which the Court could determine conclusively whether or not the disputed action resulted in an objective harm on Plaintiff.  *See, e.g., Allen v.*

*Napolitano*, 943 F. Supp. 2d 40, 45 (D.D.C. 2013), *aff'd sub nom. Allen v. Johnson*, 795 F.3d 34 (D.C. Cir. 2015).  Here, by contrast, the parties are still at the motion to dismiss stage and have yet to begin discovery.

In light of the foregoing, the Court finds, pursuant to Fed. R. Civ. P. 54(b), that "justice requires" Plaintiff to have an opportunity to pursue further discovery on her claim that the Section 610 responsibilities were stripped from her in retaliation for filing her EEO complaint. *See Harris*, 791 F.3d at 70 ("[The court's] role is not to speculate about which factual allegations are likely to be proved after discovery.  The only question before [the court at the motion to dismiss stage] is whether the [plaintiff] alleged facts that, taken as true, render his claim of retaliation plausible."); *see also Massaquoi v. D.C.*, 81 F. Supp. 3d 44, 52 (D.D.C. 2015) ("At this stage of the case, the plaintiff need only plead facts that permit the Court to reasonably infer that relieving an employee of duties could dissuade a reasonable worker from making or supporting a charge of discrimination, regardless of whether the duties were 'essential.'").

## IV. CONCLUSION

For the reasons set forth above, the Court shall modify its [19] Order issued on April 8, 2016 to deny Defendant's motion to dismiss Count Five of the Complaint with respect to Plaintiff's claim that she suffered retaliation based on her removal of her duties in preparing the Section 610 Reports.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge